UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERROD WILSON #0000002798,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00987<br>SEC P |
| VERSUS | JUDGE DRELL |
| TONY MANCUSO ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 6) filed by *pro se* Plaintiff Jerrod Wilson ("Wilson"). Wilson was granted leave to proceed *in forma pauperis*. ECF No. 8. At the time of filing, Wilson was a pretrial detainee at the Catahoula Correctional Center in Harrisonburg, Louisiana. Wilson complains that Defendants retaliated against him by placing him in a cell with another inmate with whom he could not maintain a six-foot social distance. ECF No. 6 at 3-5.

A prisoner shall not be granted pauper status under § 1915(g) if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

Wilson has filed numerous civil actions while incarcerated, and more than three have been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See Wilson v. Dr. Shaheen.*, 1:97-CV-00292; *Wilson v. Dauzat*, 00-CV-827 (M.D. La.); *Wilson v. Firmin*, 00-CV-944 (M.D. La.); *Wilson v. Rabalais*, 01-CV-33 (M.D. La.). Furthermore, Wilson has been denied pauper status under 1915(g) in this District and in the Eastern District of Louisiana. *Wilson v. Mancuso, et al.*, 2:21-CV-873; *Wilson v. Becker, et al.*, 07-CV-7157 (E.D. La.). Wilson has not alleged that he is in imminent danger of serious physical injury, and he is no longer incarcerated at the facility where he was allegedly harmed. In fact, Wilson has been released from custody. ECF Nos. 9, 10.

The fact that Wilson has been released after initiating this action does not render § 1915 inapplicable. If the plaintiff is in custody at the time of the initiation of the civil action, the the screening provisions of § 1915 apply even if the prisoner-plaintiff is subsequently released during the pendency of the civil action. *See Dollar v. Coweta Cnty. Sheriff Office*, 510 F. App'x 897, 900 (11th Cir. 2013) ("The plain reading of § 1915(g) also suggests that strikes are to be counted at the time the complaint is filed."); *Burkes v. Tranquilli*, 2008 WL 2682606, at *2 (W.D. Pa. July 2, 2008) ("The rule is that if at the time of the initiation of the civil action, the plaintiff is a prisoner, then the screening provisions of the PLRA apply even if subsequently, the prisoner is released.") (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) ("the need for the district court to screen a complaint in a civil action filed by a prisoner, as required by § 1915A, looks to the plaintiff's status when the case is

filed")); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (examining whether a complaint fell under § 1915(g) "at the moment of filing"); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies.").

Because Wilson was detained at the time of filing and because he has previously filed three civil actions that were dismissed as frivolous, malicious, or for failing to state a claim for which relief can be granted, and he is not in imminent danger of serious physical injury, IT IS ORDERED that the Order granting Wilson's application for leave to proceed *in forma pauperis* (ECF No. 8) is hereby RESCINDED.

IT IS FURTHER ORDERED that, in order for his Complaint to remain viable, Wilson must pay the full filing fee of $402.00 within 20 days from the date of this Order. FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.

SIGNED on Monday, June 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE