a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERROD WILSON #0000002798, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00987 SEC P |
| VERSUS | JUDGE DRELL |
| TONY MANCUSO ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 6) filed by *pro se* Plaintiff Jerrod Wilson ("Wilson"). At the time of filing, Wilson was a detainee at the Catahoula Correctional Center ("CCC"). He has since been released. ECF No. 9. Wilson complains that his constitutional rights were violated by Sheriff Tony Mancuso and Sheriff Tony Edwards.

Because Wilson was released, and he fails to state a claim for which relief can be granted, his Complaint (ECF No. 6) should be DENIED and DISMISSED.

I.  Background

Wilson alleges that he was arrested by deputies employed by Lake Charles Sheriff Mancuso who had not been tested for COVID-19. ECF No. 6. He claims that Catahoula Sheriff Edwards also fails to "conduct mass COVID-19 tests on his employees, trustees, [or] orderlies." ECF No. 6 at 3. Wilson alleges that untested staff members cook and serve his meals, and that he is forced to sleep only three feet apart from other inmates at CCC. *Id.*

1

Wilson claims that he contracted COVID-19 and was treated for the illness at CCC. He alleges that he was "locked up into a cell when he made a sick call complaint for two weeks" due to loss of appetite, weight, and sleep. ECF No. 6 at 5. However, in his original (deficient) Complaint, Wilson alleges that he was placed in a separate cell away from the general population after filing complaints about the inability to socially distance from other inmates. ECF No. 1 at 2-3.

## II.    Law and Analysis

### A.    Wilson's Complaint is subject to screening under § 1915A.

Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). A complaint, or any portion thereof, may be dismissed *sua sponte* under § 1915A if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Although he has since been released from custody, Wilson's Complaint remains subject to § 1915A because he was incarcerated at the time the action was filed. *See Ross v. Waitz*, 2019 WL 361398, at *2 n.9 (E.D. La. 2019) (citing *Jackson v. City of New Orleans*, 09-CV-5836, 2009 WL 4110371, at *1 n.1 (E.D. La. 2009); *Rackley v. Gusman*, 08-CV-825, 2009 WL 159170, at *1 n.1 (E.D. La. 2009); *Brown v. Jacobson*, 98-CV-0565, 1999 WL 1125122, at *5 (S.D. N.Y. 1999); *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997)).

### B. Wilson's claim for injunctive relief must be dismissed.

In addition to compensatory and punitive damages, Wilson seeks an injunction ordering Defendants to implement measures to prevent the spread of COVID-19. Wilson has been released from custody. ECF Nos. 9, 10. Therefore, his request for injunctive relief is moot. *See Wilson v. Texas Dept. of Criminal Justice*, 544 Fed. Appx. 440, 440 (5th Cir. 2013) (per curiam) (affirming dismissal as moot claims for injunctive relief based on transfer of prisoner to another facility); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s]. . . claims for declaratory and injunctive relief moot"); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (inmate's transfer to another prison rendered moot his claims for equitable relief in connection with allegedly unconstitutional deprivation of food at former prison); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief for conditions of confinement).

### C. Wilson fails to state a claim against Sheriffs Mancuso and Edwards for contracting COVID-19.

Wilson implies that he contracted COVID-19 because either Sheriff Mancuso's employees had not been tested for COVID-19 at the time of his arrest; Sheriff Edwards failed to "conduct mass COVID-19 tests on his employees, trustees, [or] orderlies," or; due to the general conditions at CCC. ECF No. 6.

First, Wilson provides only assumptions to support his broad claim that he contracted COVID-19 from officers during his arrest. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

3

action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The facts alleged must be more than speculative. *Twombly*, 550 U.S. at 555. Wilson's implication that he may have contracted COVID-19 during his arrest from untested officers is entirely conclusory and speculative.

Additionally, Wilson fails to state a claim regarding the sleeping arrangements and food service at CCC. "There is no doubt that infectious diseases generally and COVID-19 specifically can pose a risk of serious or fatal harm to prison inmates." *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020). However, "deliberate indifference" is an extremely high standard to meet. *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation and quotation marks omitted).

The "mere fact that an inmate contracted COVID-19 while in prison does not give rise to a § 1983 claim. . . ." *See Coates v. Arndt*, No. 20-CV-1344, 2020 WL 6801884, at *1–2 (E.D. Wis. 2020); *see also Smith v. Jeffreys*, 2021 WL 918057 at * 2 (C.D. Ill. 2021) ("The mere fact that COVID-19 spread at [a prison] does not mean

that the facility was deliberately indifferent."). "The plain fact is that the country is experiencing a pandemic and cases of COVID-19 are breaking out in prisons and communities across the country. This does not mean that the correctional officers in charge of those prisons are subjecting inmates to cruel and unusual punishment." *Burnette v. Schmaling*, 2021 WL 778427, at *4 (E.D. Wis. 2021).

Finally, a supervisory official may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Because vicarious liability is inapplicable in an action under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff." *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation omitted).

Wilson does not allege that either Defendant "acted with subjective deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 649-50 (5th Cir. 1996). Nor does he allege that either Sheriff implemented an unconstitutional policy. *See Alderson*, 848 F.3d at 420. Further, Wilson's allegations regarding the sleeping and food service arrangements are not "so serious as to deprive [plaintiff] of the minimal measure of life's necessities." *Alexander v. Tippah Cty.*, 351 F.3d 626, 630 (5th Cir. 2003).

### D. Wilson fails to state a retaliation claim.

Wilson implies that he was "locked up" in retaliation for filing complaints about the lack of social distancing or for making sick calls. However, Wilson alleges that he was placed in a separate cell away from the general population after he complained that he was unable to socially distance from other inmates within the general population. ECF No. 1 at 2-3. It is also unclear whether he was positive for COVID at the time he was isolated.

To state a viable retaliation claim, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Jones*, 188 F.3d at 325 (citations omitted).

Wilson was ordered to amend his Complaint to clarify: (1) whether his retaliation claim is based on making sick calls or complaining about social distancing; (2) the dates on which he made the complaints and sick calls; (3) the dates in which he was allegedly "locked up;" and (4) whether Sheriff Edwards personally ordered him to be "locked up." ECF No. 13.

Wilson failed to comply with the Court's order.[1] Thus, the facts alleged do not provide a chronology of events to plausibly infer retaliation.

### III. Conclusion

Because Wilson was released, and because he fails to state a claim for which relief can be granted against Sheriffs Mancuso or Edwards, IT IS RECOMMENDED that his Complaint (ECF No. 6) be DENIED and DISMISSED WITH PREJUDICE under § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, September 17, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] According to the docket report, Wilson attempted to fax a response to the Order, but was informed that the Court does not accept filings by fax or email. ECF No. 14. Wilson has not attempted to properly file an Amended Complaint.